HOULETTE & MILLER, Appellees, v. LEW ARNTZ and MRS. LEW ARNTZ, Appellants.

**Building contract:** WAIVER OF DEFECTS.  Where the owner of a building examines and inspects the same while in progress of construction, and with full knowledge of the material used and character of the work done makes payments to the contractor and gives him a note in settlement of the balance due, he can not thereafter counterclaim in a suit upon the note for damages because of inferior work and material.

**Same:** DAMAGES: EVIDENCE.  The giving of a note, as in this case, for a balance due a contractor under his building contract is *prima facie* evidence of a settlement of all matters pertaining to the contract; and to sustain a counterclaim for damages in a suit upon the note because of defects in the work, the owner must not only establish the defects but he must also show that the settlement was made without notice or knowledge of the defects, and without reasonable opportunity to discover the same.

**Same:** EVIDENCE: CONSTRUCTION UPON APPEAL.  Where, as in this action, the defendant's testimony was conflicting as to whether the note sued upon was given after the work was fully performed, the appellate court will give such evidence the most favorable construction of which it is capable to support a verdict for plaintiff.

**Fraud:** INSTRUCTION.  Although there may be a suggestion of fraud in the pleadings, still where there was no evidence which would support a finding of fraud, failure to instruct on the subject was not erroneous.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

WEDNESDAY, JUNE 15, 1910.

ACTION at law upon a promissory note. Defendants plead failure of consideration and counterclaim. Verdict and judgment for plaintiffs, and defendants appeal. *Affirmed.*

*Mulvaney & Mulvaney,* for appellants.

*E. P. Hudson,* for appellees.

WEAVER, J.—Plaintiffs are carpenters and builders, and in October, 1907, undertook to make certain repairs upon the residence property of the defendants for the agreed consideration of $360, payable one-half in money on the completion of the repairs and the remainder in a promissory note due sixty days after date. It was further agreed that for any work in excess of the specified repairs compensation therefor should be agreed upon in advance. During the progress of the work, or at its completion, defendants paid plaintiffs a sum of money somewhat in excess of the one-half of the contract price, and on December 16, 1907, made and delivered to plaintiffs the promissory note now in suit for $172.55, due sixty days after said date. They resist payment thereof on the alleged ground that in many particulars the repairs were made with unsuitable, and defective materials, and in an unskillful and unworkmanlike manner, by reason of which said repairs were of no use or value. They also plead the same matters in a counterclaim, and demand a recovery in damages to the extent of $423.50. The plaintiffs in reply deny said counterclaim, and allege that the note was given in settlement for their work done under said contract, and after the same had been fully completed, and with full knowledge on the part of the defendants of the quality of said work, and that defendants are thereby estopped from maintaining their alleged defense and counterclaim. The cause was tried and submitted

to the jury, which found against the defendants, and awarded plaintiffs a recovery for the full amount of the note.

I. Appellants lay down the proposition that the owner of the building upon which the repairs have been made does not as a matter of law accept the work or waive his right to claim damages for defects therein simply because he takes possession of or uses or occupies such building, or makes payments upon the contract price, and they assert that the trial court erroneously charged the jury that such facts, if found, would preclude defendants from a recovery of damages. The correctness of the rule so stated, may be conceded, but an examination of the record reveals no holding or instruction to the contrary by the court below. What the court did tell the jury in respect to this feature of the controversy was in the following words: "In this connection you are instructed that if the defendants from time to time during the progress of the work in question examined and inspected the same, and, with full knowledge as to the quality of the materials used and of the character of the work done, paid to the plaintiffs thereon certain moneys and made, executed, and delivered to the plaintiffs in settlement of the balance of plaintiffs' claim the note (Exhibit 1), then in that event the defendants can not recover on the counterclaim pleaded by them in this case." It is not only a reasonable rule, but one to which we think there is no exception recognized by the authorities, that if the owner with full knowledge of the quality of the materials used and of the character of the work done settles with the contractor, agrees upon the balance due, and pays the same or gives his note therefor, he can not thereafter be allowed to enforce a claim for damages on account of matters of which he was fully apprised when he entered into the settlement. The instruction was in harmony with this

*1. Building Contract: waiver of defects.*

proposition, and no error was committed in giving it to the jury.

II.   Appellants make the further point that there was no evidence whatever on which to base the instruction quoted above. In this counsel misapprehended the record. Several of the persons engaged in making the repairs testify to the frequent visits of both defendants to the building while the work was in progress, their opportunity to see and know the manner in which it was being done, and their expression of satisfaction with it.   While there is some conflict in the testimony on this point, it is quite satisfactorily shown that the note in suit was not given until after the work was fully completed.   Dr. Arntz himself says it was given about a month after the work was done, a period which must have furnished at least some opportunity for ascertaining the real character and workmanship of the repairs. The giving of the note is in itself *prima facie* evidence of a settlement of all matters pertaining to the performance of the contract, and the burden was upon defendants, not only to show the alleged defective character of the work, but also to show that the settlement was made without notice or knowledge of the defects and without reasonable opportunity to ascertain them.   1 Am. & Eng. Ency. Law (2d Ed.) 459.   The records show a case amply justifying a submission of the question to the finding of the jury.   Nor do we find any omission in the statement of the issues which could have worked prejudice to the defendants.   The charge correctly states the rule as to the burden of proof, and the essential facts to be found in order to entitle defendants to recover in their counterclaim.

2. SAME: damages: evidence.

In view of the defendant's concession upon the witness stand that the note was not made until after the work was done, failure to specifically mention that plea was not erroneous, and even if erroneous, we think in view of the entire record it was error without prejudice.   It is true

that Dr. Arntz in other parts of his testimony says the note was given before the work was completed, but we must give to his evidence the most favorable construction of which it is capable to support the verdict returned.

**3. SAME: evidence: construction upon appeal.**

There is in the answer a suggestion of a plea of fraud and deception practiced by plaintiffs in obtaining the note in suit, but there is no evidence upon which such a finding by the jury could be upheld, and there was no error in the failure to instruct thereon.

**4. FRAUD: instruction.**

The case seems to have been fairly tried, the verdict has sufficient support in the record, and no good ground is shown for ordering another trial.

The judgment of the district court is *affirmed*.