SAM SALDAL, Plaintiff and Appellee, v. J. JACOBSEN, Defendant and Appellant.

**Building contracts:** RECOVERY FOR DEFECTS: BURDEN OF PROOF. After the owner of a building makes settlement and payment of the contract price and the cost of extras, he can not recover damages of the contractor for defects in the work without showing that he had no knowledge of such defects at the time of the settlement. And where the defects complained of were ordinary and required no expert knowledge to comprehend them, testimony that the owner did not know the effect of the deficiencies complained of at the time of the settlement, if he knew the facts in relation thereto, was properly excluded.

**Same:** BREACH OF CONTRACT: MEASURE OF DAMAGES. A contractor who is delayed by the owner in completing the work may recover as damages the additional labor cost thus incurred, for loss of time on account of the delay, and loss of material and partially completed work.

*Appeal from Story District Court.*—HON. C. G. LEE, Judge.

FRIDAY, MARCH 15, 1912.

ACTION for damages for interference with plaintiff in

the performance of a building contract, and for causing delay in such performance to the injury of plaintiff. Defendant counterclaimed for damages for breach of the same contract. There was a verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Ole O. Roe* and *E. M. McCall,* for appellant.

*O. J. Henderson,* for appellee.

EVANS, J.—Appellant assigns twenty-eight grounds of reversal. We will not attempt to deal with them in detail. The plaintiff was a building contractor. The defendant was a hardware dealer in Story City, whose store building had burned down. On June 22, 1909, a contract was entered into between them, whereby the plaintiff undertook to construct, according to plans and specifications, upon the premises of the defendant, a store building at the cost of $6,640, all to be completed by October 1st following. Plaintiff immediately entered upon the execution of the work. Thereupon it was discovered that the partition wall of the adjoining owner extended over on defendant's premises from six to sixteen inches. A controversy arose between defendant and the adjoining owner which lasted for some weeks, and which finally resulted, through course of arbitration, in taking down such parition wall and rebuilding the same. This controversy resulted in the suspension of all work by the plaintiff in the execution of his contract, and such suspension continued until the rebuilding of such partition wall was finished in the latter part of October. Thereupon the plaintiff proceeded with the execution of his contract and worked until the 12th day of December, on which day winter set in with a sudden storm, and plaintiff was unable to further resume work until March following. He brought this suit, claiming certain items of damage resulting to him by reason of delay. The defend-

ant paid to the plaintiff the full contract price and the cost of certain specified extras; the plaintiff reserving, however, his claim for alleged damages for delay. This latter statement does not appear clearly from the record. We get it, however, from the statement of appellant's counsel in oral argument. There is therefore no plea by defendant of a settlement, or of waiver of damage, by reason of the payment and acceptance of the contract price.

The defendant filed counterclaim for damages, based principally upon three specifications of breach of the contract: (1) Failure to properly "anchor" the ends of the floor joists in the partition wall. (2) Failure to make the height of seven feet to the basement story. (3) Failure to make basement cement floor of the required thickness of four inches. At the close of the evidence, the trial court withdrew the counterclaim. Complaint is made of such order, and we will give our first attention to this question.

I. The contract called for a basement floor four inches thick and required the basement story to be seven feet high. It is undisputed that the actual height of the basement story as made is six feet six inches, and that the thickness of the cement floor is approximately three inches only. The settlement between the parties purported to be a full settlement for the contract price and extras. It appears affirmatively that some of the defects now complained of were known to the defendant and complained of by him prior to the settlement. As to other defects, it does not appear whether he knew of them or not. The burden was upon the defendant, in support of his counterclaim, to show, at least, want of knowledge on his part of the defects claimed for in his counterclaim, at the time of settlement. *Houlette & Miller v. Arntz,* 148 Iowa, 407. He offered no evidence of such want of knowledge. This state of the record was sufficient of itself to justify the trial court in withdrawing the counterclaim, and we need not consider other questions

*1. Building contracts: recovery for defects: burden of proof.*

argued in relation to such ruling. We do not overlook the fact that the defendant offered to prove by his testimony that he did not know the "effect" of the deficiencies complained of at the time of his settlement. This offer of evidence was refused by the trial court. We think this ruling was proper. The facts were ordinary, and it required no expert knowledge to comprehend them. If the defendant knew the facts, the question of "effect" is largely one of opinion.

II.   Turning, now, to the plaintiff's cause of action, it is argued that there was no evidence in support of the claim that the defendant was responsible for the delay in the performance of the work. The contention is that the plaintiff voluntarily agreed to the delay. The evidence was in conflict at this point. The question therefore was for the jury. It is also urged that the plaintiff lacked in reasonable diligence on his own part in prosecuting the work, and that he could have shortened the delay if he had chosen to do so. But this question, also, was for the jury, with the clear preponderance of evidence, in our judgment, in favor of the plaintiff at this point.

III.   Complaint is made as to the nature of the various items of damage allowed by the jury. It appeared from the testimony that in June, when the job was begun, plaintiff had contracted for bricklayers at fifty-five cents an hour. In November and December, and in the following spring, he was compelled to pay sixty-five cents an hour for bricklayers. This difference in cost of labor was allowed to him to the amount of $46. It seems to us to have been an appropriate measure of damage in that item. It appeared, also, that the plaintiff suffered some loss of material and some partially completed work by reason of the sudden approach of cold weather. Allowances of small amounts were made upon these items. Likewise an allowance was made to the extent of $75 for loss of time, caused to the plaintiff him-

2. SAME: breach of contract: measure of damages.

self by reason of the delay. Work was resumed about March 1st, and continued until about the middle of May, when the job was completed. We think that all these items were properly submitted to the jury, and they were so submitted under appropriate instructions.

Exceptions to rulings on evidence are argued by appellant. We find no error in that regard. What we have already said in the foregoing paragraphs is quite determinative of these exceptions. We are not greatly impressed with the merits of the plaintiff's case as a whole, and we would have been quite as well satisfied with an adverse verdict. But the issues as framed belonged to the jury under the evidence, and the verdict must be sustained.

The judgment below must therefore be *affirmed*.